UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**CIVIL ACTION NO. 5:23-CV-00125-JHM**

**JAMES B. ROLLINS**                                                                             **PLAINTIFF**

v.

**ROBIN MCCALISTER**                                                **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff James B. Rollins filed this *pro se* prisoner civil-rights action pursuant to 42 U.S.C. § 1983. This matter is before the Court on initial review of the complaint [DN 1] pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss this action.

**I. SUMMARY OF CLAIMS**

Plaintiff is a convicted prisoner formerly incarcerated at Kentucky State Penitentiary ("KSP"). He sues Defendant Robin McCalister, KSP Grievance Coordinator, in her individual and official capacities. [DN 1 at 2]. Plaintiff alleges that since January 23, 2023, he had approximately 27 rejected grievances, "which some was deemed staff misconduct." Plaintiff claims that Defendant intentionally discriminated against him "by violating and manipulating the grievance process" in violation of the First, Eighth, and Fourteenth Amendments to the United States Constitution. [DN 1, DN 1-3].

Plaintiff seeks damages and injunctive relief of "job dismissal." [DN 1-3 at 6].

**II. STANDARD OF REVIEW**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. DISCUSSION

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under

2

color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Official-Capacity Claim for Monetary Damages

"Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Claims brought against state employees in their official capacities are no different from a suit against the Commonwealth of Kentucky. *See Graham*, 473 U.S. at 166. State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks damages from a state employee in her official capacity, Plaintiff fails to allege cognizable claims under § 1983. *See id.* Further, the Eleventh Amendment acts as a bar to claims for damages against state employees or officers sued in their official capacities. *Graham*, 473 U.S. at 169.

Therefore, Plaintiff's official-capacity claim against Defendant McCalister for monetary damages will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant immune from such relief.

### B. Official-Capacity Claim for Injunctive Relief

Plaintiff's demand for injunctive relief in the form of having Defendant fired must be dismissed. The Court does not have the authority to grant this type of relief under § 1983. *See, e.g., Theriot v. Woods*, No. 2:09-CV-199, 2010 WL 623684 at *4 (W.D. Mich. Feb. 18, 2010) (holding that requesting injunctive relief in the form of ordering the firing of defendants is "not available under 42 U.S.C. § 1983" and that the court "has no authority under 42 U.S.C. § 1983 to . . . terminate the employment of [the defendants]"); *see also Ross v. Reed*, No. 1:13-CV-143, 2013 WL 1326947, at

*2 (S.D. Ohio Mar. 5, 2013) ("The Court has no authority under § 1983 to direct the . . . police department to initiate any disciplinary proceedings against its employees."). Thus, the Court will dismiss Plaintiff's request for injunctive relief for failure to state a claim upon which relief may be granted.

### C. Individual-Capacity Claim

To the extent Plaintiff sues Defendant McCalister in her individual capacity, prisoners do not possess a constitutional right to a prison grievance procedure. *See Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) (per curiam) ("All circuits to consider this issue have . . . found that there is no constitutionally protected due process right to unfettered access to prison grievance procedures."); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) ("there is no inherent constitutional right to an effective prison grievance procedure") (citing cases). For this reason, the denial of a grievance or the failure to act based upon information contained in a grievance fails to state a claim under § 1983. *Gibbs v. Laughhunn*, No. 16-1771, 2017 WL 3140577 (6th Cir. Feb. 2, 2017); *see also LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (holding plaintiff's allegation that jail staff ignored the grievances he filed did not state a § 1983 claim "because there is no inherent constitutional rights to an effective prison grievance procedure").

For these reasons, the Court will dismiss Plaintiff's individual capacity claim against Defendant McCalister for failure to state a claim upon which relief may be granted.

### IV. CONCLUSION

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date: January 22, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.014